UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

EBERAIA D. FIELDS,

    Petitioner,

      v.

WARDEN,

    Respondent.

CAUSE NO. 1:25-CV-645-PPS-AZ

OPINION AND ORDER

Eberaia D. Fields, a prisoner without a lawyer, filed a habeas petition challenging

the sentences issued by the Cass Superior Court in Case No. 09D01-1802-F6-64 and in

Case No. 09D01-2106-F6-79.[1] He also challenges the Indiana Department of Correction's

calculation of these sentences. Following a guilty plea, on October 15, 2021, the Cass

Superior Court sentenced him as a habitual offender to a total of ten years of

incarceration for both criminal cases. On May 6, 2022, the Indiana Court of Appeals

affirmed the sentencing decision but remanded the case for the Cass Superior Court to

amend the sentencing order to reflect that habitual offender status served as a sentence

enhancement to the underlying felonies rather than a separate sentence or conviction.

On July 25, 2022, the Cass Superior Court amended the sentencing order but did not

change the overall length of incarceration. Pursuant to Section 2254 Habeas Corpus

---

[1] Pursuant to Fed. R. Evid. 201, I take judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/.

Rule 4, I must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Fields raises two different types of claims: those challenging the sentencing decision of the Cass Superior Court (Grounds 1 and 3) and those challenging how the prison officials have calculated his sentence (Grounds 2 and 4). Significantly, this is not the first time Fields has sought federal habeas relief in connection with the sentencing decision of the Cass Superior Court. He first attempted to obtain habeas relief in *Fields v. Warden*, 3:23-cv-915 (N.D. Ind. dismissed Mar. 6, 2024), but the court denied the habeas petition, finding that the claims were procedurally defaulted. Pursuant to 28 U.S.C. § 2244(b), "[a] district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). The Seventh Circuit Court of Appeals has not authorized Fields to file a successive petition. Because Fields is seeking to proceed on an unauthorized successive petition, I will not consider any claims that challenge the sentencing decision of the Cass Superior Court..

With respect to the sentence calculation claims, my concern is that Fields has not exhausted State court remedies. Before considering the merits of Fields' claims, I must ensure that he has exhausted all available remedies in State court. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). As the Seventh Circuit has explained:

> Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, see 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state

2

courts . . . . Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory.

*Id.* at 1025-26. Until exhaustion has occurred, federal habeas relief is not available. *Id.* Under Indiana law, inmates may challenge their sentence calculations by filing a petition for post-conviction relief or a petition for a writ of habeas corpus depending on the specific nature of their claims. *Willet v. State*, 151 N.E.3d 1274, 1278 (Ind. App. 2020); *Hardley v. State*, 893 N.E.2d 740, 743 (Ind. App. 2008). In the petition, Fields concedes that he has never presented his sentence calculation claims to the Indiana Supreme Court. [ECF 6.] This implies that Fields has not properly exhausted his State court remedies, so I am inclined to dismiss these claims. However, in light of his *pro se* status, I will first give Fields an opportunity to provide a detailed explanation of his efforts to exhaust his State court remedies with respect to his sentence calculation claims.

For these reasons, the court:

(1) GRANTS the motion for leave to file exhibits [ECF 7];

(2) GRANTS Eberaia D. Fields until September 7, 2026, to file a response to this Order; and

(3) CAUTIONS Eberaia D. Fields that, if he does not respond by that deadline, this case will be dismissed without further notice.

SO ORDERED.

ENTERED: August 6, 2026.

 /s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT